Cecil MAX–GEORGE, Plaintiff–
Appellant,

v.

Adrian GARCIA, Sheriff, in his Official
and Personal Capacity; Russell
Smith, Sheriff Deputy Sergeant in his
Official and Personal Capacity; (John
or Jane Doe) Klgage, Sheriff Deputy
in his/her Official and Personal Ca-
pacity, Defendants–Appellees.

No. 12–20465
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 15, 2013.

Cecil Max–George, Brownwood, TX, pro
se.

Before HIGGINBOTHAM, OWEN, and
SOUTHWICK, Circuit Judges.

PER CURIAM: *

Cecil Max–George, Texas prisoner
# 1649987, appeals the district court's dis-
missal of his 42 U.S.C. § 1983 lawsuit al-
leging that various prison officials had vio-
lated his constitutional and state rights by
destroying or confiscating his legal mail,
obstructing his efforts to send and/or re-
ceive legal documents, and retaliating
against him for submitting grievances.
The district court dismissed his claims re-
garding interference with his legal mail as
barred pursuant to *Heck v. Humphrey*,

512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d
383 (1994), but held in the alternative that
those claims lacked merit. The district
court dismissed his remaining federal
claims with prejudice as frivolous and dis-
missed his state claims without prejudice.

The district court's dismissal of Max–
George's complaint pursuant to 28 U.S.C.
§ 1915A(b) is reviewed for an abuse of
discretion. *Norton v. Dimazana*, 122 F.3d
286, 291 (5th Cir.1997). On appeal, Max–
George fails to address the district court's
determination that his claims of interfer-
ence with his legal mail were barred by
*Heck*. He has therefore abandoned any
such challenge. *Yohey v. Collins*, 985 F.2d
222, 225 (5th Cir.1993).

Max–George argues that the district
court erred by dismissing his retaliation
claim because his statement of facts was
sufficient to establish the requisite ele-
ments of his claim. He was required to
produce either direct evidence of motiva-
tion or "a chronology of events from which
retaliation may plausibly be inferred."
*Woods v. Smith*, 60 F.3d 1161, 1166 (5th
Cir.1995) (quotation omitted). His state-
ment of facts and other pleadings fail to
make such a showing.

Max–George also contends that the dis-
trict court erred by dismissing his chal-
lenge to the prison grievance procedure
for failing to implicate a protected liberty
interest. He asserts this claim implicates
his constitutional interest in sending and
receiving mail. In a case that also in-
volved a prisoner's challenge to a prison
grievance procedure's failure to remedy
problems with his prison mail, this court
held that a prisoner "does not have a
federally protected liberty interest in hav-
ing ... grievances resolved to his satisfac-

---

tion." *Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir.2005).

The district court did not abuse its discretion by dismissing Max–George's federal claims. It therefore properly dismissed his state law claims. *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir.1999).

The district court's dismissal of Max–George's § 1983 complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Max–George is warned that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.